No. 9839.

## KOCHER *v.* CHRISTIAN ET AL.

MARRIED WOMAN.—*Inchoate Interest in Land Sold on Execution.—Conveyance of.—Statute Construed.*—In an action by a married woman to recover for an undivided third of lands sold and conveyed to the defendant, an answer that she conveyed the land to pay her husband's debt is good, the conveyance not being prohibited by section 10 of the act of 1879, concerning married women, Acts 1879, p. 160.

SAME.—*Sheriff's Sale.—Evidence.—Promise.*—A creditor bought the lands of a husband at sheriff's sale, whereby, under the act of 1875, the wife became seized of a third in fee thereof. The husband afterwards, at the request of the creditor, to whom he was still indebted, procured a deed of his wife's interest, nothing being said as to the price to be paid, nor as to the purpose of the conveyance, nor was any credit given on the husband's debt.

*Held,* in an action by the wife to recover the consideration named in the deed, that there was an implied promise to pay the value of the wife's interest, the evidence not showing that the husband had any authority to deliver the deed on receiving a credit on his debt.

From the Huntington Circuit Court.

*W. H. Trammel* and *T. L. Lucas,* for appellant.

*B. F. Ibach* and *B. M. Cobb,* for appellees.

MORRIS, C.—The appellant sued the appellees, alleging in

VOL. 88.—6

her complaint that on the 18th day of February, 1880, she sold and conveyed to the appellee Christian the undivided one-third of lots three, four, five, six, seven, eight and ten, in Kocher's addition to the town of Huntington, Indiana, for the sum and price of $1,000, which was due and unpaid.

Kocher made default, and Christian appeared and answered the complaint in three paragraphs, the first being the general denial.

The second paragraph of the answer stated that the plaintiff was estopped from asserting the alleged cause of action against the defendant Christian, because William C. Kocher, the husband of the plaintiff, was, on the 18th day of February, 1880, largely indebted to the defendant, to wit, in the sum of $1,023.00; and that said land was conveyed to him by the plaintiff and her husband in payment of said indebtedness. It is alleged that the defendant, at the time, did not know that the plaintiff owned said land, but that he supposed that it belonged to her husband, and that she had only an inchoate interest in it as the wife of William C. Kocher.

The third paragraph is, in substance, the same as the second.

The appellee demurred separately to the second and third paragraphs of the answer. The demurrer was overruled. The appellant replied to the answer in three paragraphs. The cause was submitted to a jury for trial, who returned a general verdict for the appellant in the sum of $15, together with answers to a number of interrogatories propounded by the appellant. The appellant moved for judgment upon the special findings of the jury. The motion was overruled. She then moved for a venire de novo, which motion was also overruled. The appellant moved for a new trial. This motion was overruled.

The errors assigned involve the rulings of the court upon the demurrers to the second and third paragraphs of the answer and the several motions made by the appellant. The appellant has argued the several questions raised at great length. No brief has been filed for the appellee.

We think the court did not err in overruling the demurrer to the second and third paragraphs of the appellee's answer. If the plaintiff and her husband conveyed the land described in the complaint to the appellee in payment of the husband's indebtedness to him, as is alleged in these paragraphs of the answer, we think it quite clear that the appellant ought not to recover in this action.

The appellant's counsel insist that, under the 10th section of the act of 1879, in relation to married women, the wife is prohibited from conveying her separate real estate in payment of her husband's debts; that, as the section provides that a married woman shall not mortgage or encumber her real estated, acquired by devise, descent or gift, as security for the debts of her husband, she is, by the spirit of the act, prohibited from conveying her separate property in payment and discharge of such debts.

We think the statute does not apply to the question before us. It is not shown by the complaint, nor the paragraphs of the answer demurred to, that the land conveyed by the appellant to the appellee Christian was acquired by her by devise, descent or gift. We can not assume that it was so acquired for the purpose of sustaining the demurrer. The question arises, not upon the evidence, but upon the pleadings. Nor do we think the spirit of the act prohibits a married woman from conveying her real estate in payment of her husband's debts. Such a conveyance is not a mortgage, nor an encumbrance of the estate in any sense. The object of the act was not to prohibit the wife from assisting her husband in paying his debts, but mainly to protect her from the risks arising from credit given to the husband, based upon her separate property. We think the court did not err in overruling the demurrer to the second and third paragraphs of the answer.

We have considered the motions for judgment upon the special findings, for a *venire de novo*, and for a new trial, and have come to the conclusion that a new trial should have been granted.

It appears from the evidence that William C. Kocher orig-
inally owned the lots described in the complaint. In 1876
or 1877 Christian obtained a judgment against Kocher, issued
an execution upon it and levied it upon, and at sheriff's sale
bought in the lots. The lots were not redeemed, and, at the
expiration of a year from the day of sale, Christian obtained
a deed for them. Upon the conveyance of the lots to Chris-
tian by the sheriff, the appellant, as the wife of the judgment
debtor, under the act of 1875, became the owner of one-third
of the lots in fee. The appellee wished to obtain the appel-
lant's interest in the lots. He told Kocher to procure from
his wife, the appellant, a deed for her interest in the lots.
This Kocher did, joining with her in the deed. The consid-
eration named in the deed was $1,000, but it does not appear
from the evidence that anything was said between Kocher
and the appellant as to the price to be paid for the lots, nor
as to the object or purpose for which they were conveyed.
William C. Kocher, the husband, took the deed and left it at
the appellee's office in his absence. Shortly afterwards, he
saw the appellee and asked him if he had got the deed. The
appellee said he had, but objected to the consideration named
in it. He consulted his attorney, and finally accepted the
deed. The appellee testifies that the deed was to apply on the
husband's indebtedness to him, but that he had not applied
it in discharge of any particular debt, but intended it should
apply on his debts generally. The appellee never saw or spoke
to the appellant upon the subject. William C. Kocher's tes-
timony is in conflict with that of the appellee. He testifies
that he never agreed that the deed should apply on his in-
debtedness to the appellee; that nothing was said by the ap-
pellee to him upon that subject; that the appellee asked him
to procure the deed, and this he did.

William C. Kocher delivered the deed to the appellee. For
this purpose he was the agent of the appellant, but authority
to deliver the deed would not authorize him to accept for the
appellant's interests in said lots a credit upon his indebted-

ness to the appellee. There is no testimony in the case tending to show that the appellant authorized her husband to deliver the deed to the appellee upon receiving credit upon the indebtedness of the former to the latter; and the testimony of the appellee shows that the husband did not in fact receive such credit. No debt was cancelled, no evidence of any indebtedness surrendered, no credit actually given. The appellee retained and still holds all his claims and demands against William C. Kocher, the appellant's husband. Upon the evidence, we think the appellee is liable to the appellant for the reasonable value of the undivided one-third of said lots.

The evidence shows that the lots were worth from $75 to $150 each. The appellee puts their value at $100 to $110. Assuming their value to be $700, one-third of their value would greatly exceed the amount found due the appellant by the jury. We think the court erred in overruling the motion for a new trial.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.